# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

DINAH JONES and WILLIAM )
POTTER, )
                                       )
        Plaintiffs, )
                                         )
    v. )         C.A. No.: N14C-12-159 PRW
                                         )
CLYDE SPINELLI, LLC, dba )
PINE VALLEY APARTMENTS, )
                                         )
        Defendant. )

Submitted: July 21, 2016
Decided: August 5, 2016

## ORDER

*Upon Plaintiffs Dinah Jones and William Potter's Motion for Reargument,*
**DENIED.**

This 5th day of August, 2016, having considered Plaintiffs Dinah Jones ("Jones") and William Potter's[1] Motion to for Reargument (D.I. 29); the Defendant Clyde Spinelli, LLC, *dba* Pine Valley Apartments' ("Pine Valley") response thereto (D.I. 30); and the record in this matter, it appears to the Court that:

(1) A motion for reargument under Superior Court Civil Rule 59(e) permits the Court to reconsider "its findings of fact, conclusions of law, or

---

[1] William Potter, Dinah Jones's husband, is a party to her negligence action because he brought a loss-of-consortium claim.

judgment . . ."[2] It is not, however, an avenue for the moving party to raise new arguments or to rehash those already resolved by the Court.[3] The moving party has the burden to demonstrate newly discovered evidence, a change in the law, or manifest injustice.[4] The motion will be denied unless the Court has "overlooked a controlling precedent or legal principles," or "has misapprehended the law or facts such as would have changed the outcome of the decision" challenged.[5]

(2)     Jones argues that the Court overlooked "obvious" factual questions related to Pine Valley's alleged negligence when granting summary judgment and dismissing all of her claims.[6]

(3)     Summary judgment is appropriate where, considering all facts and reasonable inferences in the light most favorable to the non-moving party, there is "no genuine issue as to any material fact" such that "the moving party is entitled to

---

[2]     *Hessler, Inc. v. Farrell*, 260 A.2d 701, 702 (Del. 1969) ("The manifest purpose of all Rule 59 motions is to afford the Trial Court an opportunity to correct errors prior to an appeal . . ."); *Cummings v. Jimmy's Grille, Inc.*, 2000 WL 1211167, at *2 (Del. Super. Ct. August 9, 2000). *See also* Super. Ct. Civ. R. 59(e) ("The Court will determine from the motion and answer whether reargument will be granted.").

[3]     *CNH America, LLC v. Am. Cas. Co. of Reading, Pa.*, 2014 WL 1724844, at *1 (Del. Super. Ct. Apr. 29, 2014); *Reid v. Hindt*, 2008 WL 2943373, at *1 (Del. Super. Ct. July 31, 2008).

[4]     *Reid*, 2008 WL 2943373, at *1.

[5]     *Jimmy's Grille*, 2000 WL 1211167, at *2.

[6]     *See* Order, *Jones v. Clyde Spinelli, LLC*, 2016 WL 3752409 (Del. Super. Ct. July 8, 2016) (following oral argument, the Court granted Pine Valley summary judgment under Superior Court Rule 56, finding that no material issue of fact remained as to Jones's negligence claim and Pine Valley was due judgment as a matter of law).

judgment as a matter of law."[7] The Court recognized when it granted Pine Valley's dispositive motion, as it still does now, that negligence claims are particularly resistant to resolution through summary judgment.[8] But that's not so where the issues are exceptionally clear.[9]

(4) Jones argues that multiple factual disputes should have precluded the Court from granting summary judgment. She contends that only a jury could determine whether Pine Valley was negligent in either (a) failing to offer seating to Jones and her mother-in-law Ms. Dorothy Oberly while they waited approximately forty minutes in Pine Valley's business office, or (b) improperly placing or failing to warn Jones and Oberly of a small ("foot and a half") space heater located in the middle of the office floor, which Oberly allegedly fell over, resulting in Jones's injuries from an attempted rescue.[10] She cites a number of alleged factual disputes related to these issues including: whether Ms. Oberly was a joint tortfeasor; the

---

[7] *See* Order at *1-2 (citing Super. Ct. Civ. R. 56(c); *Ebersole v. Lowengrub*, 180 A.2d 467, 468–69 (Del. 1962) (Summary judgment will not be granted if there is a material fact in dispute or if "it seems desirable to inquire thoroughly into [the facts] to clarify the application of the law to the circumstances."); and *Nutt v. A.C. & S. Co., Inc.*, 517 A.2d 690, 692 (Del. Super. Ct. 1986) (In considering a motion for summary judgment, "[a]ll facts and reasonable inferences must be considered in a light most favorable to the non-moving party.")).

[8] *See* Order at *2 (citing, for example, *Trievel v. Sabo*, 714 A.2d 742, 745 (Del. 1998); *Polaski v. Dover Downs, Inc.*, 2012 WL 1413577, at *2-3 (Del. Super. Ct. Jan. 20, 2012), *aff'd*, 49 A.3d 1193 (Del. 2012)).

[9] *Id.* at *2-3.

[10] Mot. for Rearg. at ¶¶ 6-7, 9 (D.I. 29).

size of the space heater; whether the space heater's location was forgotten by Jones or Oberly; whether the space heater was unobtrusive or hidden; whether Pine Valley's agent created a dangerous situation; and whether the agent could have prevented Ms. Oberly's fall.[11] But Jones offers no record evidence to support that any of these "disputes" are real. Instead, she argues that a jury could imagine three alternative scenarios in which Pine Valley might have prevented Jones from being injured, and then infer that a breach of duty occurred.[12]

(5) While there may be countless ways that Pine Valley could have avoided this lawsuit, Jones listing them does not constitute new arguments appropriate for consideration during a motion for reargument. As the Court found, given the specific circumstances here, there is no viable negligence claim left to her. In again examining Jones's opposition to summary judgment and her request for reconsideration, the Court concludes that the present motion is a mere "rehash" of her prior arguments. As she did in opposition to summary judgment, Jones's core complaint is that Pine Valley's agent was negligent in failing to offer Jones or her companion seating and that the space heater was used or positioned in some dangerous manner.[13] The Court considered these precise claims during the

---

[11] *Id.*

[12] *Id.* at ¶ 9 (According to Jones, Pine Valley could have moved the space heater, offered the ladies seats, or asked them to leave the office).

[13] *Id.* at ¶¶ 7, 9.

-4-

summary judgment proceedings. Jones's arguments are a simple reconstitution of her written and oral opposition to summary judgment – with no arguments or facts that have not been previously addressed by this Court. Nor has she cited case law not considered by this Court that would change the outcome of the underlying decision.

(6) Accordingly, Jones does not offer a basis for reargument under Rule 59,[14] and, for the foregoing reasons, Jones's Motion for Reargument is **DENIED**.

**IT IS SO ORDERED.**

**PAUL R. WALLACE, JUDGE**

Original to Prothonotary

cc: All counsel via File & Serve

---

[14] *See Miles, Inc. v. Cookson Am., Inc.*, 677 A.2d 505, 506 (Del. Ch. 1995) ("Where, as here, the motion for reargument represents a mere rehash of arguments already made at trial and during post-trial briefing, the motion must be denied.").